IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MITCHUM,

    Plaintiff,                      No. CIV S-07-0041 LKK DAD P

    vs.

YOLO COUNTY SHERIFF'S
DEPT. DIRECTOR, et al.,

    Defendants.               ORDER

                              /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $4.05 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's jail trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's jail trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable

1  to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.
2  411, 421 (1969).
3           The Civil Rights Act under which this action was filed provides as follows:
4           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
5            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
6            law, suit in equity, or other proper proceeding for redress.
7  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
8  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
9  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
10 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
11 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or
12 omits to perform an act which he is legally required to do that causes the deprivation of which
13 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
14           Moreover, supervisory personnel are generally not liable under § 1983 for the
15 actions of their employees under a theory of respondeat superior and, therefore, when a named
16 defendant holds a supervisorial position, the causal link between him and the claimed
17 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
18 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
19 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
20 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
21 Cir. 1982).
22           In the present case, the named defendants are John Doe, the Director/Chief of
23 Yolo County Sheriff's Department Monroe Detention Center; Lieutenant T. Day; Sergeant Rayls;
24 Lieutenant Ratamaker; Sergeant Miller; and John Does 1-10, et al.
25           Although parts of plaintiff's complaint are unclear to the court, plaintiff appears to
26 be alleging that defendants have denied him equal protection and due process of law and have

violated his First Amendment and Eighth Amendment rights. Specifically, plaintiff alleges as follows.

First, plaintiff alleges that defendants have denied him equal protection and deprived him of his due process rights by misclassifying him in their jail system. On August 22, 2006, when plaintiff arrived at Monroe Detention Center, he alleges Lieutenant Day discriminated against him by classifying him for punitive punishment placement in administrative segregation solitary confinement. Plaintiff claims officers have wrongfully classified him for three to four months for unknown reasons.

Second, plaintiff alleges that defendants deprived him of due process of law when they unjustifiably punished him for seven rule violations. Plaintiff claims that as a result, defendants kept him in solitary confinement from August 22, 2006 until January 2007. One of the alleged rule violations took place on or about November 22, 2006. Officer T. Chavarria wrote up plaintiff and his cell mate for possession of contraband and destroying county property. Plaintiff maintains that the contraband was state-issued clothing that was in the same condition when plaintiff and plaintiff's cell mate received it. Officer Chavarria never informed plaintiff or plaintiff's cell mate what the alleged contraband was or whether it was state-issued clothing. Plaintiff's cell mate admitted to the alleged rule violation, and both plaintiff and his cell mate were confined to their cells for three days. Plaintiff alleges that defendants violated his due process rights in this instance by not affording him a fair and impartial disciplinary hearing.

Third, plaintiff claims that defendants violated his First Amendment and Eighth Amendment rights. On December 14, 2006, plaintiff had a legal visit with an investigator that lasted from 2:45 p.m. to 6:00 p.m. On plaintiff's way back to his cell, officer John Doe told plaintiff that he had missed dinner and would receive a bag lunch. A couple of hours later, when plaintiff received his prescription medications, plaintiff asked Officer Austin for his bag lunch because plaintiff needed to take his medications with food. Officer Austin told plaintiff that the control booth officers did not log that plaintiff was supposed to receive a bag lunch. As a result,

4

plaintiff did not eat until the next day.  Plaintiff alleges defendants deprived him of food in retaliation for his legal visit, in violation of his First Amendment and Eighth Amendment rights.

Plaintiff seeks $50,000 in compensatory damages from defendant John Doe, the Director/Chief of Yolo County Sheriff's Department Monroe Detention Center; $25,000 in punitive damages from each of the following defendants, Lieutenant Day, Lieutenant Ratamaker, Sergeant Miller, and Sergeant Rayls; $50,000 in exemplary damages from defendants John Does 1-10; and all other relief the court deems equitable and fair.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although plaintiff's complaint sets out various factual allegations and mentions several individuals, plaintiff has not alleged specific facts that would establish an actual connection or link between the action of any of the named defendants and the constitutional deprivations he allegedly suffered.  Thus, the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 24, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $4.05. All fees shall be collected and paid in accordance with this court's order to the Chief Commander of the Yolo County Detention Facilities filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

/////

/////

/////

amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: February 27, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mitc0041.14